IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| In re § | | |
| § | | |
| ALBERTO C. MARQUEZ, § | No. 16-31007 | |
| § | | |
| Debtor. § | Chapter 13 Proceeding | |

**DEBTOR'S FIRST AMENDED CHAPTER 13 PLAN
AND MOTIONS FOR VALUATION AND LIEN AVOIDANCE**

> Creditors are hereby notified that the following Plan may be amended at any time before confirmation. Any amendment may affect your status as a creditor. The Debtor's estimate of how much the Plan will pay, projected payments, and estimates of the allowed claims may also change. The following information advises creditors of the status of the case based on the information known at the time of its preparation. Any special concerns of a creditor may justify attendance at the Meeting of Creditors and such other action as may be appropriate under the circumstances. More detailed information is on file at the Office of the United States Bankruptcy Clerk in El Paso or Waco, Texas. Local Bankruptcy Rules and Standing Orders on procedures are available at the Clerk's Office and online at www.txwb.uscourts.gov.
> Use of the singular word "Debtor" in this Plan includes the plural where appropriate.

**Plan Summary**

A. The Debtor's Plan Payment will be $395.00 per month, paid by ✓ Pay Order or ☐ Direct Pay, for 60 months. The gross amount to be paid into the plan is $23,700.00.

B. The Plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI below, and approximately 100% of each unsecured allowed claim.

THIS PLAN DOES NOT ALLOW CLAIMS. YOU MUST FILE A PROOF OF CLAIM BY THE APPLICABLE DEADLINE TO RECEIVE DISTRIBUTIONS UNDER ANY PLAN THAT MAY BE CONFIRMED. CREDITORS ARE REFERRED TO THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, THE LOCAL BANKRUPTCY RULES FOR THE WESTERN DISTRICT OF TEXAS, AND THE APPLICABLE STANDING ORDER RELATING TO THE CHAPTER 13 CASE ADMINISTRATION FOR THIS DIVISION, FOR INFORMATION ON THESE AND OTHER DEADLINES.

C. Value of the Debtor's non-exempt assets is $33,030.29. A federal tax lien in the current amount of $11,579.64 encumbers the non-exempt assets.

D.  If the payment of any debt is proposed to be paid directly by the Debtor outside the Plan, it is so noted in Section VI(1), set forth below.

## Plan Provisions

### I. Vesting of Estate Property

☐ Upon confirmation of the Plan, all property of the estate shall vest in the Debtor, and shall not remain as property of the estate.

✓ Upon confirmation of the Plan, all property of the estate shall not vest in the Debtor, but shall remain as property of the estate.

### II. Pre-Confirmation Disbursements

In accordance with the applicable Standing Order Relating to Chapter 13 Case Administration, the Debtor requests and consents to disbursement by the Chapter 13 Trustee of payments prior to confirmation of the Plan to evidence the Debtor's good faith, promote successful completion of the case, and to provide adequate protection to secured creditors. The Debtor shall remit such payments to the Trustee commencing 15 days after the filing of the petition. Provided all conditions for disbursement are met and unless otherwise ordered by the Court, the Trustee shall begin disbursing to creditors as provided below, on the first regularly scheduled disbursement after 30 days after the petition is filed. Payments under this paragraph will cease upon confirmation of the Plan.

| Creditor/Collateral | Pre-Confirmation Payment Amount | Other Treatment Remarks |
|---|---|---|
|  |  |  |

### III. Executory Contracts/Unexpired Leases/Contracts for Deed

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to assume the following executory contracts, unexpired leases, and/or contracts for deed, if any:

Pursuant to 11 U.S.C. § 1322(b)(7) of the Bankruptcy Code, the Debtor hereby elects to reject the following executory contracts, unexpired leases, and/or contracts for deed, if any:

### IV. Motion to Value Collateral Pursuant to 11 U.S.C. § 506

The Trustee shall pay allowed secured claims, which require the filing of a proof of claim, to the extent of the value of the collateral or the amount of the claim, whichever amount is provided for in Section VI(2), hereof, plus interest thereon at the rate specified in this Plan. Except for secured claims for which provision is made to pay the full amount of the claim not withstanding the value of the collateral, the portion of any allowed claim that exceeds the value of the collateral shall be treated as an unsecured claim under Section VI(2)(F).

The Debtor moves to value the collateral described below in the amounts indicated. The values as stated below represent the replacement values of the assets held for collateral, as required under Section 506(a)(2). Objections to valuation of collateral proposed by this Motion and Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of the Plan.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment or Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

"I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July ___, 2016."

| | |
|---|---|
| Debtor | Co-Debtor |

### V. Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)

The Bankruptcy Code allows certain liens to be avoided. If a lien is avoided, the claim will not be treated as a secured claim but as an unsecured claim under Section VI(2)(F).

The Debtor moves to avoid the following liens that impair exemptions. Objections to lien avoidance as proposed in this Plan must be filed no later than ten (10) days prior to the confirmation hearing date. If no timely response or objection is filed, the relief requested may be granted in conjunction with confirmation of Plan. (Debtor must list the specific exempt property that the lien impairs and the basis of the lien--e.g., judicial lien, nonpurchase-money security interest, etc.)

| Creditor | Property Subject to Lien | Amount of Lien to be Avoided | Remarks |
|---|---|---|---|
|  |  |  |  |

### VI. Specific Treatment for Payment of Allowed Claims

**1. PAYMENTS TO BE MADE BY THE DEBTOR DIRECTLY TO CREDITORS, INCLUDING POST-PETITION DOMESTIC SUPPORT OBLIGATIONS**

**A.** Debtor shall pay the following creditors directly. Creditors with claims based on a post-petition domestic support obligation ("DSO"), including all governmental units to which a DSO claims has been assigned, or is owed, or that may otherwise recover a DSO claim, *must* be paid directly. Minors should be identified by their initials only. If no DSO creditor is listed, the Debtor represents he/she has no domestic support obligation.

All direct payments listed below shall be made in addition to the Plan payments made by Debtor to the Chapter 13 Trustee as herein set forth. Secured creditors who are paid directly shall retain their liens, and the Debtor shall maintain insurance on the collateral, in accordance with the terms of the documents creating the lien on the collateral.

| Creditor Name/Collateral, if any (including the name of each DSO creditor) | Remarks | Debt Amount | Payment Amount/Interval |
|---|---|---|---|
| Weststar Mortgage/9200 Yucatan | | | $761.10/month |
| Planet Home Loans/11040 Loma de Color | | | $626.96/month |
| The City of El Paso/ 9200 Yucatan | | | Paid thru escrow |
| The City of El Paso/ 11040 Loma de Color | | | Paid thru escrow |

**B.** Debtor surrenders the following collateral. Confirmation of the Plan shall operate to lift the automatic stay provided by 11 U.S.C. § 362(a) with respect to the collateral listed, and any unsecured deficiency claim may be filed in accordance with the procedures set forth in the Standing Order Relating to Chapter 13 Case Administration for this Division.

| Creditor/Collateral | Collateral to be Surrendered |
|---|---|
| | |

## 2. PAYMENTS TO BE MADE BY TRUSTEE TO CREDITORS

**A**. Administrative Expenses

Administrative Expenses shall include the Trustee's commission and debtor's attorney's fees. The Trustee shall receive up to 10% of all sums received. No fees or expenses of counsel for the debtor may be paid until the filing fee is paid in full, and any fees and expenses that are allowed in addition to the fees and expenses originally agreed to be paid, may be paid only afer all prior allowed fees and expenses have been paid.

| Creditor Name | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| E.P. BUD KIRK USE ONLY IF BK IS TO BE PAID THROUGH DISTRIBUTION | $1,046.00 | along with secured creditors | 25% of each Plan payment or $100/mo., whichever is greater. |

**B**. Priority Creditors, Including Domestic Support Obligation Arrearage Claims

5

| Creditor | Estimated Amount of Debt | Payment Method: before secured creditors, after secured creditors, or along with secured creditors | Remarks |
|---|---|---|---|
| | | | |

**C.** Arrearage Claims

| Creditor/Collateral | Estimated Claim | Estimated Value of Collateral | Monthly Payment of Method of Disbursement | Interest Rate | Anticipate Total to Pay | Other Treatment/Remarks |
|---|---|---|---|---|---|---|
| Planet Home Lending/11040 Loma de Color | $6,544.12 | $130,000.00 | *Pro rata* | 3% | *Pro rata* | Pay along with IRS |

**D.** Cure claims on Assumed Contracts, Leases, and Contracts for Deed:

| Creditor/Subject Property, if any | Estimated Amount of Cure Claim | Monthly Payment or Method of Disbursement | Remarks |
|---|---|---|---|
| | | | |

**E.** Secured Creditors

Secured creditors shall retain their liens on the collateral that is security for their claims until the earlier of the date the underlying debt, as determined under non-bankruptcy law, has been paid in full, or the date of discharge under 11 U.S.C. § 1328. Therefore, if the debtor's case is dismissed or converted without completion of all Plan payments, the liens shall be retained by the creditors to the extent recognized by applicable non-bankruptcy law.

| Creditor/Collateral | Estimated Claim | Value of Collateral | Monthly Payment of Method of Disbursement | Interest Rate | Anticipated Total to Pay | Other Treatment/Remarks (specifically note if claim amount to be paid although greater than value of collateral) |
|---|---|---|---|---|---|---|
| IRS/General lien | $11,579.64 | $92,000.00 | | 3% | | Pay along with Planet Home Lending |

  F. General Unsecured Creditors (including claims from rejection of contracts, leases, and contracts for deed). *Describe treatment for the class of general unsecured claims.*

| | |
|---|---|
| Delgado Acosta Spencer Linebarger & Perez, LLP | $195.00 |
| Mnet Financial Inc. | $ 0.00    Disputed |

Totals:  Administrative Claims   $ 1,046.00
      Priority Claims _____
      Arrearage Claims    $ 6,544.12
      Cure Claims _____
      Secured Claims     $11,579.64
      Unsecured Claims    $ 195.00

## VII. SUPPLEMENTAL PLAN PROVISIONS

The Following are the Supplemental Plan Provisions:

Except as provided in this Plan where property is to be sold in order to pay creditors, all property of the estate other than post-petition earnings shall vest in the Debtors at confirmation. All post-petition earnings of the Debtors shall vest in the Debtors at confirmation except as necessary to make Plan payments. 11 U.S.C. § 1306, 1327.

The Debtor has claimed as exempt certain assets which may increase in net value (or decrease in net value) after this case is commenced. Those exempt assets have already vested in the Debtor, prior to plan confirmation, under 11 U.S.C. § 522 and F.R. Bankr. P. 4003. This Plan preserves those vestings. Any post-petition changes in the net value of the exempt assets, will not alter their vesting in the Debtor. Unless an asset is scheduled as only-partly-exempt, because the equity in the asset (fair market value in relation to encumbrances) is greater than the statutory dollar limit of the exemption claim, the exempt assets are vested completely in the Debtor, in kind, and not vested in the estate. They shall remain completely vested in the Debtor post-petition. Fluctuation in net value post-petition shall not change this vesting, whether the change is due to paying off liens, to careful maintenance of the asset, to the debtor's labor, to market-value changes, or to other causes.

The amounts shown in this Plan as being owed to specific creditors, are not conclusive as to the amount of each debt. Debt amounts are governed by the proofs

of claim which creditors must file in order to receive distribution.

The dividend approximated in Part B of this Plan applies only to unsecured claims that are not entitled to priority under 11 U.S.C. § 507. *Priority* claims, if any, are unsecured but must receive 100% of their allowed amount(s) under 11 U.S.C. § 1322(a)(2). The approximated dividend to general unsecured creditors is an estimate, not a warranty or promise. The actual dividend received by general unsecured creditors will depend upon the number of claims filed, the allowed amounts of those claims, and whether the Debtor completes the Plan. The estimated dividend is not to serve as a ground for Plan modification at a later date, if actual events vary from the estimate.

Respectfully submitted this 11th day of August, 2016.

/s/
ALBERTO C. MARQUEZ

/s/
E.P. BUD KIRK
Texas State Bar No. 11508650
600 Sunland Park Dr.
Building Four, Suite 400
El Paso, TX 79912
(915) 584-3773
(915) 581-3452 facsimile
budkirk@aol.com

Attorney for Debtor

## CERTIFICATE OF SERVICE

I do hereby certify that on the 11 day of August, 2016 I did cause a copy of the foregoing First Amended Chapter 13 Plan to be mailed to Stuart C. Cox, 1760 N. Lee Trevino, El Paso, TX 79936; to Alberto C. Marquez, 11040 Loma de Color, El Paso, TX 79934; to Linebarger Goggan Blair & Sampson, LLP, 711 Navarro Street, Ste. 300, San Antonio, TX 78205; and to all parties in interest in this case, as shown on the attached list.

/s/
E.P. BUD KIRK

Delgado Acosta Spencer
Linebarger & Perez, LLP
221 N. Kansas #1400
El Paso, TX 79901

Internal Revenue Service
Centralized Insolvency Office
P.O. Box 7346
Philadelphia, PA 19101-7346

Linebarger Goggan Blair & Sampson, LLP
711 Navarro Street, Ste. 300
San Antonio, TX 78205

Mills Escrow Co.
6501 Boeing # H-4
El Paso, TX 79925

Mnet Financial Inc.
95 Argonaut
Aliso Viejo, CA 92656

Planet Home Lending
321 Research Parking #303
Meriden, CT 06450

Pruyn Law Firm, PLLC
2311 Canal St. #124
Houston, TX 77003

The City of El Paso
221 N. Kansas St., #300
El Paso, TX 79901

United States Attorney
Civil Process Clerk-
Internal Revenue Service
601 N.W. Loop 410, Suite 600
San Antonio, TX 78216

United States Attorney General
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530

Weststar Mortgage Corp.
2480 N. Roadrunner Pkwy.
Las Cruces, NM 88011